# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA RODRIGUEZ DE MARTINEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>          Plaintiff,<br><br>v.<br><br>KHYBER PASS CORPORATION<br>d/b/a AFGHAN GRILL<br>2309 Calvert Street NW<br>Washington, DC 20008<br><br>HABIB U. NOORI<br>2882 Horsepen Woods Court<br>Herndon, VA 20171<br><br>ZARLASHT NOORI<br>2882 Horsepen Woods Court<br>Herndon, VA 20171<br><br>          Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked at Defendants' Afghan restaurant, Defendants paid her a semi-monthly salary that denied her minimum and overtime wages.

2. Plaintiff brings this action against Khyber Pass Corporation, Habib U. Noori, and Zarlasht Noori ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Maria Rodriguez de Martinez is an adult resident of the District of Columbia.

6. Defendant Khyber Pass Corporation is a District of Columbia corporation. It did business as Afghan Grill. Its principal place of business was located at 2309 Calvert Street NW, Washington, DC 20008. Its registered agent for service of process is Habib Noori, 2309 Calvert St NW, Washington, DC 20008.

7. Defendant Habib U. Noori is an adult resident of Virginia. He resides at 2882 Horsepen Woods Court, Herndon, VA 20171. He is an owner and officer of Defendant Khyber Pass Corporation. He exercised control over the operations of Khyber Pass Corporation — including its pay practices.

8. Defendant Zarlasht Noori is an adult resident of Virginia. She resides at 2882 Horsepen Woods Court, Herndon, VA 20171. She is an owner and officer of Defendant Khyber Pass Corporation. She exercised control over the operations of Khyber Pass Corporation — including its pay practices.

9. Defendants Habib U. Noori and Zarlasht Noori are married.

**Factual Allegations**

10. Defendants owned and operated the restaurant Afghan Grill, located at 2309 Calvert Street NW, Washington, DC 20008.

11.     Plaintiff worked at Afghan Grill from approximately 2008 through approximately April 26, 2022.

12.     Plaintiff worked at Afghan Grill as a kitchen laborer.

13.     Plaintiff's job duties at Afghan Grill primarily consisted of opening and closing the restaurant, handling deliveries, preparing food, taking customer orders, and attending the cash register.

14.     At all relevant times, Plaintiff worked seven days per week, Monday through Sunday.

15.     At all relevant times, Plaintiff typically started each workday at 11:00 a.m.

16.     From approximately October 4, 2019 through approximately March 14, 2020, Plaintiff typically ended each workday at 10:00 p.m.

17.     From approximately October 4, 2019 through approximately March 14, 2020, Plaintiff worked a total of approximately seventy-seven hours per week.

18.     From approximately March 15, 2020 through approximately May 31, 2020, Plaintiff typically ended each workday at 8:00 p.m.

19.     From approximately March 15, 2020 through approximately May 31, 2020, Plaintiff worked a total of approximately sixty-three hours per week.

20.     From approximately June 1, 2020 through approximately April 26, 2022, Plaintiff ended each workday at 10:00 p.m.

21.     From approximately June 1, 2020 through approximately April 26, 2022, Plaintiff worked a total of approximately seventy-seven hours per week.

22.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

23. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Oct. 04, 2019–Mar. 14, 2020 | $1,000.00 | $5.99 |
| Mar. 15, 2020–May 31, 2020 | $500.00 | $3.66 |
| Jun. 01, 2020–Apr. 26, 2022 | $500.00 | $3.00 |

24. At all relevant times, Defendants paid Plaintiff by check.

25. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

26. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

27. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

28. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable federal and D.C. minimum wage.

29. Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

30. DC law required that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 per hour from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

31. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her approximately $150,580.15 in minimum and overtime wages (excluding liquidated damages).

32. Defendants Habib U. Noori and Zarlasht Noori decided the restaurant's hours of operations.

33. Defendants Habib U. Noori and Zarlasht Noori participated in the decision to hire employees on behalf of Khyber Pass Corporation.

34. Defendants Habib U. Noori and Zarlasht Noori participated in hiring the Plaintiff.

35. Defendant Habib U. Noori participated in setting Plaintiff's schedule.

36. Defendant Habib U. Noori participated in setting Plaintiff's rate and manner of pay.

37. Defendant Habib U. Noori participated in supervising and controlling Plaintiff's work.

38. Defendant Habib U. Noori had the authority to sign checks on behalf of Khyber Pass Corporation.

39. Defendant Habib U. Noori has signed Plaintiff's paychecks on behalf of Khyber Pass Corporation.

40. Defendant Zarlasht Noori had the authority to sign checks on behalf of Khyber Pass Corporation.

41. Defendant Zarlasht Noori has signed Plaintiff's paychecks on behalf of Khyber Pass Corporation.

42. Defendants Habib U. Noori and Zarlasht Noori together decided to permanently close the restaurant.

43. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

44. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

45. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

46. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

47. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

48. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable federal and D.C. minimum wage.

49. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

50. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

51. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

52. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

54. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

55. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

56. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

57. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

58. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

59. Defendants' violations of the FLSA were willful.

60. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

61. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62. Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

63. The DCMWA required that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 per hour from July 1, 2021 through June 30, 2022. D.C. Code § 32-1003(a).

64. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

65. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

66. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

67. Defendants' violations of the DCMWA were willful.

68. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

69. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

70. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

71. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

72. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

73. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

74. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

75. Defendants' violations of the DCWPCL were willful.

76. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F.

Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$606,234.60**, and grant the following relief:

    a.    Award Plaintiff $602,320.60, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,512.00);

    d.    Award Plaintiff court costs (currently, $402.00); and

    e.    Award any additional relief the Court deems just.

October 10, 2022                                   Respectfully submitted,

                                                                    **DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*